HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROVIDENCE HEALTH & SERVICES,<br><br>          Plaintiff,<br><br>     v.<br><br>JAMES L MCLAUGHLIN, et al.<br><br>          Defendants. | CASE NO. C17-24 RAJ<br><br>ORDER GRANTING TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiff's Motion for Temporary Restraining Order ("TRO") and, upon Notice and Hearing, for Preliminary Injunction. Dkt. # 2. Plaintiff requests that the Court enter the TRO without notice to Defendants. Dkt. # 3. For the reasons that follow, the Court **GRANTS** Plaintiff's TRO without notice.

**I.     BACKGROUND**

Plaintiff Providence Health & Services ("Providence") is the plan administrator and plan fiduciary on behalf of a self-funded insurance plan ("Plan") under the Employment Retirement Income Security Act of 1974 ("ERISA"). Dkt. # 1, ¶ 2. Defendant James McLaughlin is married to Donna McMillin, who is an employee of

Providence. *Id*. at ¶ 3. Because Mr. McLaughlin is married to a Providence employee, he is a beneficiary of the Plan. *Id*. Mr. McLaughlin's medical plan "is self-funded by Providence and claims are paid from Providence's general assets." *Id*. at ¶ 7.

Providence alleges that Mr. McLaughlin suffered injuries as a result of a May 9, 2014 personal injury accident, for which the Plan paid his medical benefits. *Id.* at ¶¶ 8, 9. Providence further alleges that Mr. McLaughlin settled his claims with a third party for an amount greater than what Providence paid to Mr. McLaughlin. *Id*. at ¶ 11; *see also* Dkt. # 2, p. 2. Providence now seeks to enforce the subrogation and reimbursement provisions of the Plan.

Providence alleges that "all or part of the settlement proceeds are in Defendants' actual or constructive possession." Dkt. # 1, ¶ 12. Providence further alleges that Mr. McLaughlin's attorneys have agreed to hold the disputed funds pending a settlement agreement. Dkt. # 2, p. 4. Providence states that Mr. McLaughlin's attorneys, Jeffrey and Mercedes Donchez, communicated an unacceptable settlement ultimatum to Providence. *Id.* Providence believes that Defendants "intend to imminently disburse the Disputed Funds once Providence rejects McLaughlin's settlement ultimatum, which it must do next week." *Id*., *see also* Dkt. # 3, p. 2.

## II. LEGAL STANDARD

To obtain preliminary injunctive relief, Providence must "establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 374 (2008). The standard for a temporary restraining order is substantially the same. *ProtectMarriage.com - Yes on 8 v. Courage Campaign*, 680 F. Supp. 2d 1225, 1228 (E.D. Cal. 2010) (citing *Winter*); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that preliminary injunction and temporary restraining order standards are "substantially identical"). The Ninth Circuit employs a

"sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

"Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." Local Rules W.D. Wash. LCR 65(b)(1). The Federal Rules further provide that

> The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Unless these requirements are satisfied, "the moving party must serve all motion papers on the opposing party before or contemporaneously with the filing of the motion and include a certificate of service with the motion." Local Rules W.D. Wash. LCR 65(b)(1). After the motion is filed, the Court "may consider the motion on the papers or schedule a hearing." Local Rules W.D. Wash. LCR 65(b)(3).

### III.   DISCUSSION

First, Providence has presented sufficient evidence that there is a likelihood of success on the merits of its claims. As an initial matter, ERISA authorizes Providence to bring an action to redress violations of the plan under 29 U.S.C. § 1132(a)(3). ERISA further "provides for equitable remedies to enforce plan terms." *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 363 (2006). The Supreme Court has concluded that the relief sought here—in which Providence seeks reimbursement from "specifically

identifiable funds that [are] in the possession and control of the [Defendants]"—is equitable. *Id*. at 362–63.

Second, Providence will suffer irreparable injury if Mr. McLaughlin or his attorneys disburse the funds because, in that case, Providence would be unable to pursue the remedies available under ERISA. *See Bilyeu v. Morgan Stanley Long Term Disability Plan*, 683 F.3d 1083, 1092–93 (9th Cir. 2012) (finding that "the reimbursement agreement must 'specifically identif[y] a particular fund, distinct from the [beneficiary's] general assets,' from which the fiduciary will be reimbursed. . . [and] the funds specifically identified by the fiduciary must be 'within the possession and control of the [beneficiary].'") (internal citations omitted). Providence has presented further evidence that immediate injury will result if the Defendants have notice of this Order. Dkt. # 3, p. 2 (certifying that there is a reasonable belief that Defendants will disburse the funds if their settlement is rejected).

Third, the balance of the equities weighs in favor of granting the TRO. In granting Providence's motion, the Court is maintaining the status quo until a forthcoming preliminary injunction hearing. In light of such a dichotomy—risking the potential disbursement of disputed funds versus maintaining the status quo—the balance of the equities tips in favor of Providence.

Finally, granting the TRO advances the public interest. As Providence contends, enforcing reimbursement and subrogation provisions are beneficial to ensuring the stability of ERISA plans.

**IV. CONCLUSION**

Having considered Plaintiff's verified complaint, motions, supporting certificate, and governing law, the Court finds that the TRO without notice is appropriate in this case. The Court **GRANTS** Plaintiff's TRO (Dkt. # 2) without notice (Dkt. # 3). As such, Defendants are **RESTRAINED** from disposing of or dissipating any portion of the

disputed funds until **14 days from the date of this Order**, unless otherwise ordered by the Court.

This Order has been entered without notice to Defendants.  Plaintiff shall immediately serve Defendants with a copy of the complaint, moving papers, and this Order by whatever means is best calculated to reach Defendants quickly.  The Court requires Plaintiff to certify no later than noon on Monday, January 9, 2017, that it has served such documents on Defendants.

Defendants may, on or before Friday, January 13, 2017, oppose the conversion of the TRO into a preliminary injunction.  No Reply will be considered.  A preliminary injunction hearing is set for 10:00 a.m. on January 18, 2017, before the Honorable Richard A. Jones, where the Court will hear oral arguments of the parties.  The matter of bond shall be reserved until this hearing.

Dated this 6th day of January, 2017.

_____
The Honorable Richard A. Jones
United States District Judge